IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**UNITED STATES OF AMERICA,**

       Plaintiff/Respondent,


v.                              No. CV 14-0562 RB/LAM
                                    CR 12-2006 RB


**GUSTAVO BARRERA-ESTRADA,**

       Defendant/Movant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") § 2255 motion [*Doc. 1*],[2] filed on June 18, 2014. Plaintiff/Respondent (hereinafter "the Government") filed a response on September 17, 2014 [*Doc. 7*], and Defendant filed a reply on November 3, 2014 [*Doc. 8*]. United States District Judge Robert C. Brack referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 2*]. Having considered the § 2255 motion, response, reply, relevant law, and the record in this case and in Defendant's underlying criminal case contained in Case

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-14-0562.

1

No. CR-12-2006, the undersigned recommends, for the reasons set forth below, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**, and Case No. CIV-14-0562 be **DISMISSED with prejudice**.

In his § 2255 motion, Defendant claims that his trial counsel was ineffective for: (1) failing to object to the presentence report, which Defendant contends incorrectly assessed additional criminal history points for a minor traffic infraction (*Doc. 1* at 4-9); and (2) failing to obtain a downward departure in his sentence (*id.* at 10-13). The Court finds that an evidentiary hearing is unnecessary because Defendant's motion and the record of this case conclusively show that Defendant is entitled to no relief. The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Therefore, no evidentiary hearing will be held.

### Factual and Procedural Background

On September 20, 2012, Defendant was charged with: (1) Conspiracy to Possess with the Intent to Distribute Controlled Substances (to wit: 50 Grams and More of Methamphetamine, a Mixture and Substance Containing a Detectable Amount of Cocaine, and Marijuana) in violation of 21 U.S.C. § 846 (Count 1); (2) Possession with the Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 17); (3) Possession with the Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 18); and (4) Possession with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C),

and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count 19).[3]  [*Doc. 129*, filed in Case No. CR-12-2006, at 1-13 and 17-18] (Superseding Indictment).  On January 15, 2013, Defendant entered into a Plea Agreement, pursuant to which he pled guilty to all four counts with which he was charged in the indictment as described herein.  [*Doc. 259*, filed in Case No. CR-12-2006, at 2].  In the plea agreement, Defendant agreed to waive any appeal or collateral attack to his conviction and the sentence imposed, except on the issue of ineffective assistance of counsel in negotiating or entering into the plea or waiver.  *Id.* at 9.  On August 5, 2013, the Court sentenced Defendant to 120 months of imprisonment as to each count, with the terms running concurrently, and recommended that Immigration and Customs Enforcement begin removal proceedings during Defendant's service of the sentence.  [*Doc. 401*, filed in Case No. CR-12-2006, at 1, 3].  In addition, the Court sentenced Defendant to a term of supervised release for five (5) years as to each of the four counts, and those terms are to run concurrently, as well.  *Id.* at 4.  On June 18, 2014, Defendant filed his § 2255 motion.  [*Doc. 1*].

## Discussion

As stated above, Defendant claims that his trial counsel was ineffective for (1) failing to object to the presentence report, which Defendant contends incorrectly assessed additional criminal history points for a minor traffic infraction (*Doc. 1* at 4-9); and (2) failing to obtain a downward departure in his sentence (*id.* at 10-13).  The Court finds that Defendant's claims have been waived to the extent Defendant is challenging his counsel's assistance in regard to his sentence or any other aspect of his case other than his counsel's assistance in negotiating or entering into the plea agreement or waiver.  *See* [*Doc. 259*, filed in Case No. CR-12-2006, at 9]

---

[3] However, pursuant to a plea agreement, as to Count 1, Plaintiff pled guilty only to Conspiracy to Possess with Intent to Distribute *50 Grams and more of Methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A),* in violation of 21 U.S.C. § 846, and, as to Count 19, Plaintiff pled guilty to Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  *See* [*Doc. 259*, filed in Case No. CR-12-2006, at 2] (Plea Agreement) and [*Doc. 589*, filed in Case No. CR-12-2006, at 9] (transcript from Plea Hearing).

(Defendant's waiver of his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver).  The Tenth Circuit has explained that waivers of collateral attack rights are "generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."  *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).  Defendant makes no claim that he did not knowingly and voluntarily agree to the plea and waiver.  Moreover, the plea agreement states that "[D]efendant agrees and represents that his plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement."  [*Doc. 259*, filed in Case No. CR-12-2006, at 10].  In addition, at his plea hearing, the Court asked Defendant if he understood all the terms in the Plea Agreement, and Defendant stated, "Yes," and the Court asked if anyone made any promises to Defendant to get him to plead guilty, and Defendant stated, "No." [*Doc. 589*, filed in Case No. CR-12-2006, at 11 and 14] (Transcript of Plea Hearing).  The Court, therefore, finds that Defendant knowingly and voluntarily entered into the waiver to collaterally attack his convictions and sentence except on the basis of ineffective assistance of counsel in negotiating or entering into the plea agreement or waiver.  In addition, the Court finds that the other exceptions to the waiver rule are not at issue here.  *See Cockerham*, 237 F.3d at 1182 (explaining that other exceptions include circumstances where the court relies on an impermissible factor such as race, where the agreement is otherwise unlawful, or where a sentence exceeds the statutory maximum).

In his reply brief, Defendant contends that the waiver of his right to bring an ineffective assistance of counsel claim is not enforceable because, at his plea hearing, the magistrate judge asked Defendant: "Do you understand that under the Plea Agreement, you're also giving up your

4

right to collaterally attack the sentence except you could bring a claim for ineffective assistance of counsel?" *See* [*Doc. 8* at 2] and [*Doc. 589*, filed in Case No. CR-12-2006, at 14]. Defendant contends that this statement by the magistrate judge at his plea hearing "allow[s] [Defendant] to file a Section 2255 based on ineffective assistance of counsel." [*Doc. 8* at 2]. The Court notes that in the Plea Agreement, Defendant waived any collateral attack to his conviction "except on the issue of counsel's ineffective assistance in negotiating or entering [into] this plea or this waiver" (*Doc. 259*, filed in Case No. CR-12-2006, at 9), and the magistrate judge in the plea hearing did not include the language limiting any future collateral attack to the issue of counsel's ineffectiveness *in negotiating or entering the plea or waiver*. Nevertheless, the Court finds that the magistrate judge's statement at the plea hearing does not preclude enforcement of the plea agreement. As explained by the Tenth Circuit in *United States v. Davis*, "[a] waiver of postconviction rights is unenforceable only when the defendant claims he received ineffective assistance of counsel in the negotiation of the plea or wa[i]v[]er." No. 06-3289, 218 Fed. Appx. 782, 784, 2007 WL 488326 (10th Cir. Feb. 27, 2007) (unpublished) (citing *Cockerham*, 237 F.3d at 1187). Here, Defendant does not claim that he received ineffective assistance of counsel in the negotiation of the plea or the waiver, so the waiver is enforceable. Therefore, the Court finds that the magistrate judge's statement at the plea hearing that Defendant "could bring a claim for ineffective assistance of counsel" does not preclude enforcement of the waiver of any collateral attack to Defendant's conviction except on the issue of counsel's ineffective assistance in negotiating or entering the plea or waiver. *See, e.g., Cockerham*, 237 F.3d at 1188 ("Because Defendant's § 2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver, we hold that he has waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver.").

In addition, the Court is not persuaded by the cases relied on by Defendant for his contention that the magistrate judge's statement at the plea hearing negated his waiver of his right to bring ineffective assistance of counsel claims, because neither case cited by Defendant is binding on this Court.  *See* [*Doc. 8* at 3] (citing *United States v. Wood*, 378 F.3d 342, 349 (4th Cir. 2004) and *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995)).  Moreover, the Tenth Circuit held in *United States v. Atterberry* that the district court did not negate the waiver provision through a statement made during the sentencing hearing that contradicted a provision of the defendant's plea agreement.  144 F.3d 1299, 1300-1301 (10th Cir. 1998).  Just as Defendant has argued in the instant case (*Doc. 8* at 2-3), the defendant in *Atterberry* also argued that the district court negated the waiver provision through a statement it made during the sentencing hearing and that this statement controlled over the written waiver, especially since the government failed to object to the court's statement.  The Tenth Circuit stated that, even though "[i]t is unfortunate the government did not object, in order to provide the district court an opportunity to clarify its statement[,] . . . the court can think of no reason why the failure to object would constitute a breach of the agreement or should make the waiver provision unenforceable." *Atterberry*, 144 F.3d at 1301, n.3 (citations omitted).  The Tenth Circuit also rejected the defendant's reliance on *Buchanan*, and stated: "We are more persuaded by the circuits that have held statements made by a judge during sentencing concerning the right to appeal do not act to negate written waivers of that right, because statements like those made by the court during Mr. Atterberry's sentencing do not affect a defendant's prior decision to plead guilty and waive appellate rights."  *Id.* at 1301.  Similarly, here, Defendant fails to show how the magistrate judge's statement at the plea hearing affected his prior decision to plead guilty and waive his appellate rights.  Finally, the Court finds that Defendant's contention that Fed. R. Crim. P. 11(b)

provides that if a judge "mischaracterizes a waiver provision," the defendant cannot be held to it is without merit, because that language is not in the rule. *See* [*Doc. 8* at 3]. For these reasons, the Court finds that the waiver in the Plea Agreement is enforceable.

For the reasons set forth above, because Defendant's claims do not appear to challenge the validity of the plea agreement, the Court finds that they have been waived. To the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant fails to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Defendant does not allege that he would not have pleaded guilty absent his attorney's alleged ineffectiveness. For these reasons, the Court recommends that Defendant's claims be denied.

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that the claims raised in Defendant's § 2255 motion [*Doc. 1*] be **DENIED**; and Case No. CIV-14-0562 be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**