IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                No. CV 14-0562 RB/LAM
                                      CR 12-2006 RB

GUSTAVO BARRERA-ESTRADA,

    Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 9)* (hereinafter "PF&RD"), entered on March 16, 2015. On April 10, 2015, Defendant/Movant (hereinafter, "Defendant") filed objections to the PF&RD. [*Doc. 10*]. The United States did not file any objections to the PF&RD, nor did it respond to Defendant's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the PF&RD to which Defendant objects and finds that his objections are without merit. Accordingly, the Court will: (1) overrule Defendant's objections as meritless; (2) adopt the *Proposed Findings and Recommended Disposition (Doc. 9)*; (3) deny Defendant/Movant's § 2255 motion [*Doc. 1*]; and (4) dismiss this case with prejudice.

As explained in the PF&RD, Defendant pled guilty to: (1) Conspiracy to Possess with the Intent to Distribute Controlled Substances (to wit: 50 Grams and More of Methamphetamine, a

Mixture and Substance Containing a Detectable Amount of Cocaine, and Marijuana); (2) Possession with the Intent to Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine; (3) Possession with the Intent to Distribute 50 Grams and More of Methamphetamine; and (4) Possession with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine.  [*Doc. 9* at 2-3]. In his § 2255 motion, Defendant alleged that his trial counsel was ineffective for (1) failing to object to the presentence report, which Defendant contends incorrectly assessed additional criminal history points for a minor traffic infraction (*Doc. 1* at 4-9); and (2) failing to obtain a downward departure in his sentence (*id.* at 10-13).  [*Doc. 9* at 3].  The Magistrate Judge found that Defendant's claims were waived because Defendant's plea agreement precludes his right to collaterally attack his sentence on any issue other than counsel's ineffective assistance in negotiating or entering into the plea agreement or waiver.  *Id.* at 3-4 (citing *Doc. 259*, filed in Case No. CR-12-2006, at 9).  The Magistrate Judge addressed Defendant's contention in his reply brief that the waiver of his right to bring an ineffective assistance of counsel claim is not enforceable because, at his plea hearing, the judge asked Defendant: "Do you understand that under the Plea Agreement, you're also giving up your right to collaterally attack the sentence except you could bring a claim for ineffective assistance of counsel?"  *See id.* at 4-6; *see also* [*Doc. 8* at 2] and [*Doc. 589*, filed in Case No. CR-12-2006, at 14].  The Magistrate Judge found that the judge's statement at the plea hearing does not preclude enforcement of the plea agreement because Defendant does not claim that he received ineffective assistance of counsel in the negotiation of the plea or the waiver.  [*Doc. 9* at 5] (citing *United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001) ("Because Defendant's § 2255 ineffective assistance claim regarding sentencing for his drug convictions does not relate to the validity of the plea or the waiver, we hold that he has

waived the right to bring that challenge so long as he knowingly and voluntarily entered the plea and made the waiver."), and *United States v. Davis*, No. 06-3289, 218 Fed. Appx. 782, 784, 2007 WL 488326 (10th Cir. Feb. 27, 2007) (unpublished) ("[a] waiver of postconviction rights is unenforceable only when the defendant claims he received ineffective assistance of counsel in the negotiation of the plea or wavier[sic]") (citing *Cockerham*, 237 F.3d at 1187)).

In addition, the Magistrate Judge found that, to the extent Defendant is attempting to challenge the validity of the plea agreement based on his claims of ineffective assistance of counsel, Defendant failed to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. [*Doc. 9* at 7] (citing *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). Therefore, the Magistrate Judge recommended that Defendant's § 2255 motion [*Doc. 1*] be demined, and this case be dismissed with prejudice. [*Doc. 9* at 7].

In his objections, Defendant contends that his right to appeal was not waived because "[t]here is a clear suggestion that the sentencing judge was biased during sentencing or that he adjudicated [sic] his judicial responsibility," (*Doc. 10* at 1), and because his counsel erred during Defendant's sentencing by failing to object to errors (*id.* at 1-2). Defendant further contends that his counsel failed to inform him that prior petty offenses would be used to calculate his sentence, and that his IQ is less than 100, so he did not understand the plea waiver included in the plea agreement. *Id.* at 2-3. Therefore, Defendant contends that the waiver of his post-conviction rights is unenforceable because his counsel was ineffective in negotiating the plea agreement and

3

waiver, and because the plea and waiver were unknowingly and involuntarily entered into by Defendant. *Id.* at 4.

The Court finds that Defendant's objections should be overruled. First, the issues Defendant raises in his objections that were not presented to the Magistrate Judge, such as that the sentencing judge was biased, that Defendant did not understand the plea agreement or waiver, and that Defendant's counsel was ineffective in negotiating the plea agreement and waiver, are deemed waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citation omitted). Second, to the extent Defendant is challenging his counsel's assistance in regard to his sentence, or in any other aspect of his case other than in negotiating or entering into the plea agreement or waiver, Defendant's claims have been waived pursuant to his plea agreement. The Court finds that Defendant's contention that he did not understand the plea agreement or waiver is without merit because the plea agreement includes a signed statement by Defendant that the plea agreement has been read to Defendant in the language he understands best, that Defendant carefully discussed every part of the plea agreement with his attorney, and that Defendant understood the terms of the agreement. *See* [*Doc. 259*, filed in Case No. CR-12-2006, at 11]. In addition, at the plea hearing Defendant told the judge multiple times that he understood the terms of the plea agreement and the plea proceedings. *See* [*Doc. 589*, filed in Case No. CR-12-2006, at 11-16]. Finally, to the extent Defendant is challenging the validity of the plea agreement and waiver based on his claims of ineffective assistance of counsel, the Court agrees with the Magistrate Judge that Defendant has failed to show that, but for his counsel's alleged ineffectiveness, there is a reasonable probability that Defendant would not have pleaded guilty and would have proceeded to trial. *See* [*Doc. 9* at 7] (citing *Moya*, 676 F.3d at 1213 ("[W]hen a defendant who has pleaded guilty brings an ineffective-assistance claim, he must show that there is a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.") (citation and internal quotation marks omitted). For these reasons, the Court finds that Defendant's objections are without merit and should be overruled.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that Defendant's objections to the PF&RD [*Doc. 10*] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the *Proposed Findings and Recommended Disposition (Doc. 9)* are **ADOPTED** by the Court.

**IT IS FURTHER ORDERED** that Defendant's § 2255 motion [*Doc. 1*] is **DENIED** and this case be **DISMISSED WITH PREJUDICE**, and that a final judgment be entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**